Lyons J.
delivered the opinion of the Court
This was an action of debt upon a protested bill of exchange. The declaration, which is in the usual form, demands the principle, interest, and charges of protest, in sterling money, but lays the value of each in current money. Upon the plea of nil debet, the jury found that the defendant did owe the debt in the declaration mentioned generally, without saying that it was in sterling, or in current money. The Court gave judgment for the aggregate amount of principle, interest, and charges of protest, in sterling money, according to the Act of Assembly, and at another day they entered, as usual, a general rule settling the rate of exchange at which the sterling judgments of that term were to be discharged.
The first objection made to the judgment is, that the declaration having laid the value of the sterling money as if it had been foreign money, and the verdict being general, it should be considered as given for current money, and not for sterling.
The answer to this is, that the debt, as well as the damages, are demanded in sterling money, and therefore the verdict and judgment must be for sterling money.
But it was contended, that sterling debts could only be sued for and recovered in sterling, and that the laying of the value in current money is erroneous, and for this the case of Scott’s executors v. Call is relied upon.
The value in current money has only been laid through abundant caution, under an idea perhaps, that since our separation from Great Britain, sterling money might be considered like other foreign money, and to be sued for as such. But since the laws made *215 before the revolution respecting sterling money debts are still in force, they may still be sued for and reco« vered, without laying the value in current money, the Courts having the same power to settle the rate of ex- ‘ change which they formerly had. But although there Is no necessity for laying the value of the sterling money, yet if it be laid, it is merely surplusage, and will not vitiate the declaration.
The case of Scott's executors, v. Call, was not like the present. It is true that in both, the demand was of a sterling debt, with an averment of the value in current money; but in that case the damages were considered as being laid in current money, because they were laid generally, whereas, the demand being an entire one, and the debt being a sterling debt, the damages ought to have been in sterling money likewise, in order that the judgment for the debt and damages might be entered for the same sort of money.
The Court did not say, that an averment of the value of the sterling money was error, but the demand being in sterling money, it was considered to be improper to depart from that by laying the damages in current money only; and two of the Judges who sat in that cause have been pleased to give this explanation of the reasons which influenced their decision in that cause.
Judgment affirmed.